## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | | |
|---|---|---|
| **DAVID LAMAR MARSH,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **V.** | : | |
| | : | **NO: 3:23-cv-00032-CDL-CHW** |
| **DOE,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## <u>ORDER</u>

Plaintiff David Lamar Marsh, a detainee in the Athens-Clarke County Jail in Athens, Georgia, has filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983. Compl., ECF No. 1.   Plaintiff has also moved for leave to proceed without prepayment of the Court's filing fees or security therefor.   Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2; Prisoner Trust Fund Account Statement, ECF No. 10.   Having considered Plaintiff's filings, his motion for leave to proceed *in forma pauperis* is **GRANTED**, and Plaintiff is **ORDERED** to pay an initial partial filing fee of $7.44, as set forth below. Additionally, Plaintiff is **ORDERED** to recast his complaint consistent with the instructions in this order.

### MOTION TO PROCEED *IN FORMA PAUPERIS*

The district courts may authorize the commencement of a civil action without prepayment of the normally required filing fee if the plaintiff shows that he is indigent and financially unable to pay the filing fee.   *See* 28 U.S.C. §1915(b).   A prisoner seeking to

proceed *in forma pauperis* under this section must provide the district court with both (1) an affidavit in support of his claim of indigence and (2) a certified copy of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." *Id.*   As it appears from Plaintiff's documentation that Plaintiff is unable to prepay the entire cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

   A.   Initial Partial Filing Fee

Even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's account.   When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint.   28 U.S.C. § 1915(b)(1). According to Plaintiff's certified account statement, the relevant amount in this case was $37.20.[1]   Twenty percent of $37.20 is $7.44.   Accordingly, it is hereby **ORDERED** that Plaintiff pay an initial partial filing fee of $7.44.

---

[1] It is not entirely clear from the account certification whether the $37.20 was the average monthly balance or was the average monthly deposits, and no transaction statement was attached to allow the Court to calculate these amounts independently.   Regardless, it appears from the account certification that $37.20 would be the larger of the two amounts, which is what the Court must use to calculate Plaintiff's initial partial filing fee.   If Plaintiff's circumstances have materially changed, or are otherwise different from what is represented in the account statement, such that he is unable to pay the $7.44 initial partial filing fee, Plaintiff may file a new motion to proceed *in forma pauperis*, explaining why he is unable to pay the fee.   Any such motion must be supported by the proper documentation, including a certified account statement with a printout of Plaintiff's account transactions to allow the Court to properly assess the motion.

B.   Remainder of the Filing Fee

Additionally, Plaintiff is obligated to pay the remainder of the $350.00 filing fee, in installments, as provided in 28 U.S.C. § 1915(b)(1) and explained below.   The **CLERK** shall therefore forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is detained so that withdrawals from his account may commence as payment towards the filing fee.   The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if Plaintiff's complaint (or any part thereof) is dismissed prior to service.

1.   Directions to Plaintiff's Custodian

Because Plaintiff has now been granted leave to proceed IFP, it is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.   In accordance with the provisions of the PLRA, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.   It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to collection of the full filing fee.

2.   Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.   Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.   The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.   Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**ORDER TO RECAST**

Additionally, in addition to the complaint, Plaintiff has filed several grievance forms and a letter to the Court regarding his claims.   Moreover, a cursory review of the allegations in the complaint show that Plaintiff needs to recast his complaint if he wants to proceed with this action.   In particular, in his statement of the claim, Plaintiff's allegations are not clear with regard to the actions taken, or not taken, by the named defendant, Head Nurse Miss Paige.

If he wants to proceed with this action, Plaintiff is **ORDERED** to recast his complaint consistent with the instructions herein.   In recasting his complaint, Plaintiff shall clearly identify those individuals he wishes to include as named defendants in this case.   Moreover, Plaintiff must allege specific facts showing what these defendants did or did not do that he believes violated his constitutional rights.   If Plaintiff makes a claim that

is not connected to any defendant, that claim will be dismissed.   Similarly, if Plaintiff names a defendant but does not connect that defendant with a particular claim or makes only general and conclusory allegations about that defendant's actions, the defendant will be dismissed.

In order to comply with the above, it is strongly recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1)   *What* did this defendant do (or not do) to violate your rights?   In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct?   Is he or she a supervisory official? Was the defendant personally involved in the constitutional violation?   If not, did his actions otherwise cause the unconstitutional action?   How do you know?

(2)   *When* and *where* did each action occur (to the extent memory allows)?

(3)   *How* were you injured as a result of this defendant's actions or decisions?   If your injury is related to a change in the conditions of your confinement, please describe how those conditions differ from those in general population. If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4)   *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5)   *What* did this defendant do (or not do) in response to this knowledge?

(6)   *What* relief you seek from this defendant?

Plaintiff should state his claims as simply as possible; he also need not use legal terminology or cite any specific statute or case law to state a claim.   *See* Fed. R. Civ. P. 8.

The recast complaint will take the place of and supersede Plaintiff's prior complaint and Plaintiff's other filings to date, such that the Court will not look back to these filings

to determine whether Plaintiff has stated a claim.   Therefore, Plaintiff should take care to include all relevant factual allegations in his recast complaint.

## CONCLUSION

Thus, as set forth above, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, and Plaintiff is **ORDERED** to pay an initial partial filing fee of $7.44. While Plaintiff's custodian is ordered herein to make subsequent payments on Plaintiff's behalf, Plaintiff should note that it is his responsibility to pay the initial partial filing fee. Thus, Plaintiff must make arrangements with the appropriate official to ensure that the initial partial filing fee is paid in accordance with this order.   Additionally, Plaintiff is **ORDERED** to recast his complaint consistent with the instructions set forth above.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to pay the initial partial filing fee and file his recast complaint.   Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this action.   The **CLERK** is **DIRECTED** to forward Plaintiff a 42 U.S.C. § 1983 complaint form with his service copy of this order (with the civil action number showing on both).   There shall be no service in this case pending further order of the Court.

**SO ORDERED and DIRECTED**, this 16th day of May, 2023.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

6