IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **DAVID LAMAR MARSH,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | NO: 3:23-cv-00032-CDL-CHW |
| **DOE,** *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER & RECOMMENDATION

Plaintiff David Lamar Marsh, a detainee in the Athens-Clarke County Jail in Athens, Georgia, filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff also moved for leave to proceed without prepayment of the Court's filing fees or security therefor. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2; Prisoner Trust Fund Account Statement, ECF No. 10. Plaintiff's motion for leave to proceed *in forma pauperis* was granted, and Plaintiff was ordered to pay an initial partial filing fee and to recast his complaint. Order, ECF No. 11.

Plaintiff has now paid the initial partial filing fee and filed a recast complaint, which is ripe for preliminary review. On that review, Plaintiff will be permitted to proceed on his deliberate indifference to a serious medical need claim against Defendant Nurse Paige. It is **RECOMMENDED** that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** as to the Clarke County Sheriff's Office or the Clarke County Jail.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.      Standard of Review

Because he has been granted leave to proceed *in forma pauperis*, Plaintiff's recast complaint is subject to a preliminary review. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right

of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II. Factual Allegations

In his complaint, Plaintiff asserts that, on May 6, 2022, he fell in his cell and could not get up. Recast Compl. 5, ECF No. 13. Although the entire dorm was yelling and beating on the cell doors to get someone to come, Plaintiff lay on the floor for six hours before someone came to help him. *Id.* Plaintiff was then taken to medical, where a nurse entered in the computer a request for Plaintiff to get an x-ray. *Id.* Head Nurse Ms. Paige, however, "took it out of the computer and refused to get the x-ray done." *Id.*

Plaintiff later was released from detention and saw his regular doctor, who told Plaintiff that he needed to have surgery on the injured knee. *Id.* Before Plaintiff could have the surgery, he apparently returned to the Clarke County Jail. *Id.* at 6. Plaintiff was

3

supposed to have surgery in August 2022, but no one at the Clarke County Jail would take him because they said that his injury was not serious enough. *Id.* Plaintiff alleges he now has a lot of trouble walking. Since he has been back at the Clarke County Jail, Plaintiff has not had an e-ray. He alleges that a nurse, Miss Shelly, "said she kept putting me in the computer to have the x-ray and Miss Paige kept taking it out." *Id.*

    III.    <u>Plaintiff's Claims</u>

Plaintiff's allegations raise potential claims for deliberate indifference to his serious medical need. In order to state a claim for deliberate indifference to a serious medical need, a prisoner must allege facts to show that he had a medical need that was objectively serious and that the defendant was deliberately indifferent to that need. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (quotation marks and citation omitted). Further, the condition must be one that would pose a "substantial risk of serious harm" if left unattended. *Farrow*, 40 F.3d at 1243.

An official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Additionally, the disregard of risk must be "by conduct that is more than mere negligence." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011). "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so

cursory as to amount to no treatment at all." *Id.* A prison official "who delays necessary treatment for non-medical reasons may exhibit deliberate indifference." *Id.* Finally, "[a]n Eighth Amendment violation may also occur when state officials knowingly interfere with a physician's prescribed course of treatment." *Id.*

### A. Head Nurse Paige

Plaintiff's allegation that he injured his knee and that his doctor found that he needs surgery is sufficient to allege a serious medical need. Plaintiff further alleges that Ms. Paige was aware of Plaintiff's injury and knew that Plaintiff might need surgery for his knee but repeatedly removed orders for Plaintiff to have an x-ray from the computer. These allegations are sufficient to allow Plaintiff to proceed for further factual development on a deliberate indifference to a serious medical need claim against Head Nurse Paige.

### B. Clarke County Sheriff's Office

It is not clear whether Plaintiff may also be attempting to state a claim against the Clarke County Sheriff's Office or the Clarke County Jail. The Clarke County Sheriff's Office and the Clarke County Jail are not entities subject to suit in this case. Whether a defendant is a legal entity capable of being sued in a § 1983 action is controlled by the law of the state where the district court sits. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citing Fed. R. Civ. P. 17(b)). Thus, in this case, this question is governed by Georgia law. In this regard, the Georgia Supreme Court has explained that there are only three classes of legal entities: "'(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue.'" *Ga. Insurers Insolvency Pool v. Elbert Cty.*, 368 S.E.2d 500, 502 (Ga. 1998) (quoting *Cravey*

*v. SE Underwriters Ass'n*, 105 S.E.2d 497 (Ga. 1958)).

The Clarke County Sheriff's Office and the Clarke County Jail are not legal entities capable of being sued under Georgia law. *See id.*; *see also Brannon v. Thomas Cty. Jail*, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (per curiam); *Lovelace v. Dekalb Central Probation*, 144 F. App'x 793, 795 (11th Cir. 2005) (per curiam). To the extent Plaintiff's claims in this regard could be broadly construed as claims against Clarke County, a local government may only be sued for constitutional violations caused by "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Plaintiff's complaint vaguely blames Clarke County for not getting him surgery, but it does not actually include any factual allegations to show that a constitutional violation resulted from a policy, regulation, or decision officially adopted and promulgated by either Clarke County or its sheriff's office or jail. Thus, to the extent that Plaintiff may have intended to include the Clarke County Sheriff's Office, the Clarke County Jail, or Clarke County as a defendant, it is **RECOMMENDED** that this claim be **DISMISSED WITHOUT PREJUDICE**.

IV.   Conclusion

Therefore, for the reasons set forth above, Plaintiff will be permitted to proceed for further factual development on his deliberate indifference to a serious medical need claim against Defendant Head Nurse Paige. It is **RECOMMENDED** that any claims against the Clarke County Sheriff's Office or the Clarke County Jail be **DISMISSED WITHOUT PREJUDICE** as set forth herein.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this order and recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this order and recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

For those reasons discussed above, it is hereby **ORDERED** that service be made on **DEFENDANT HEAD NURSE PAIGE**, and that she file an Answer, or other response as appropriate under the Federal Rules, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is also reminded of the duty to avoid unnecessary service expenses, and the possible imposition of expenses for failure to waive service.

## DUTY TO ADVISE OF ADDRESS CHANGE

During this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will

be dismissed under Rule 41(b) for failure to prosecute. Defendant is advised that she is expected to diligently defend all allegations made against her and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties

are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Fed. R. Civ. P. 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil

Procedure may not exceed FIFTEEN (15) requests to each party.  No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but no later than one hundred-twenty (120) days from when the discovery period begins.

**SO ORDERED and RECOMMENDED**, this 23rd day of June, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge