IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **DAVID LAMAR MARSH,** | : | |
| Plaintiff, | : | |
| v. | : | Case No: 3:23-cv-00032-CDL-CHW |
| **JANE DOE,** *et al.*, | : | |
| Defendants. | : | **PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

## ORDER

*Motion for Appointment of Counsel*

Plaintiff seeks the appointment of counsel to represent him concerning this case filed under 42 U.S.C. § 1982. (Doc. 28). No right to counsel exists in a civil case. *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. *Id.* In deciding whether legal counsel should be appointed, the Court considers, among other factors, the merits of Plaintiff's claims and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential factual allegations underlying his claims and the applicable legal doctrines are readily apparent. As such, Plaintiff's request for appointment of counsel (Doc. 28) is **DENIED**. Should it later become apparent that legal assistance is required to avoid prejudice to Plaintiff's rights, then the Court, **on its own**

1

**motion**, will consider assisting Plaintiff in securing legal counsel at that time.

*Status of Defendant Nurse Paige*

Following screening of Plaintiff's complaint, Plaintiff's deliberate indifference to a serious medical need claim against Defendant Nurse Paige was permitted to proceed for further factual development. (Docs. 14, 23). On August 18, 2023, Defendant Paige was personally served by a deputy U.S. Marshal. (Doc. 25). Her original address on the service paperwork was for the Athens-Clarke County Jail, but she was ultimately served at the Jackson County Jail. (*Id.*) To date, Defendant Paige has not responded to Plaintiff's complaint.

Because Defendant Paige's time for responding to Plaintiff's complaint has long passed, the Clerk of Court is hereby DIRECTED to enter a default against Defendant Paige upon the docket. <u>Plaintiff shall file a motion for default judgment within 21 days of this Order. Failure to comply may result in this action being dismissed for failure to prosecute.</u> The motion for default judgment shall state whether a hearing is necessary to determine damages, and if a hearing is not necessary, the motion shall include all evidence supporting the damages sought in the motion. A copy of this order shall be mailed to Defendant Paige at the address at which service was perfected.

**SO ORDERED**, this 19th day of January, 2024.

                                         s/ Charles H. Weigle
                                         Charles H. Weigle
                                         United States Magistrate Judge